James C Arnold - ISB No. 3688
PETERSEN, PARKINSON
   & ARNOLD, PLLC
390 N. Capital Avenue
P.O. Box 1645
Idaho Falls, ID 83403-1645
Telephone (208) 522-5200
Facsimile (208) 522-8547

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| TERRI EMPEY,<br><br>    Plaintiff,<br><br>vs.<br><br>BATTELLE ENERGY ALLIANCE, LLC'S INSURANCE PLAN; BATTELLE ENERGY ALLIANCE, LLC; LIFE INSURANCE COMPANY OF NORTH AMERICA; LIFE INSURANCE COMPANY OF NORTH AMERICA d/b/a CIGNA GROUP INSURANCE; and CIGNA GROUP INSURANCE;<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT** |

COMES NOW, the above-named Plaintiff, Terri Empey, by and through her attorney, James C. Arnold, of Petersen, Parkinson & Arnold, PLLC, and for her claim against the Defendants complains and alleges as follows:

**JURISDICTION AND VENUE**

1.    Plaintiff is a natural person residing in the State of Idaho and at all times relevant hereto was a participant in the Battelle Energy Alliance, LLC, Long Term Disability Plan (the Plan).

COMPLAINT - 1

2. Battelle Energy Alliance, LLC, is the Plan administrator.

3. Benefits are provided in accordance with the provisions of the group insurance contract Life Insurance Company of North America - Contract No.: LK-0960668 and which became effective on or about April 15, 2007. Life Insurance Company of North America d/b/a Cigna Group Insurance and/or Cigna Group Insurance was the claims administrator for the Plan and acted as an agent and fiduciary of the Plan.

4. This is an action brought under ERISA, 29 U.S.C. §1001 *et.seq*. This Court has jurisdiction over the causes of action pursuant to 29 U.S.C. §1132(a)(1). Venue is appropriate under 29 U.S.C. §1132(e)(2).

5. The remedies the Plaintiff seeks in this action under the terms of ERISA and under the terms of the Plan are for benefits due pursuant to 29 U.S.C. §1132(a)(1)(B), for an award of prejudgment interest, and for an award of attorney fees and costs under 29 U.S.C. §1132(g).

## FACTUAL BACKGROUND

6. Plaintiff suffered from physical conditions including but not limited to injuries to her back which rendered her unable to perform the duties of her job at Battelle Energy Alliance, LLC, and which condition(s) and/or injuries have since on or about January of 2009, rendered her unable to engage in gainful employment or at least unable to engage in gainful employment so as to render her disabled pursuant to the definitions of disability in the Plan.

7. Plaintiff made application for Long Term Disability benefits under the Plan and was determined to be disabled by Defendant(s) as of June 17, 2009, and was

determined to be eligible for long term disability benefits under the Plan to commence on June 17, 2009.

8. On or about January 3, 2011, Plaintiff was advised that Defendants, any or all of them, determined that she would no longer remained disabled as of June 16, 2011, as defined by the Plan to wit: *After Disability Benefits have been payable for 24 months, the Employee is considered Disabled if, solely due to Injury or Sickness, he or she is:*

*1. unable to perform the material duties of an occupation for which she is, or may reasonably become, qualified based on education, training, or experience; and*

*2. unable to earn 60% or more of her Indexed Earnings.*

9. Pursuant to the Plan and as instructed by Defendants, any or all of them, Plaintiff appealed and requested reviews of said determination that she no longer remained disabled as of June 16, 2011, as defined by the Plan and after several appeals and reviews received a final denial on or about February 14, 2012. In making each such appeal Plaintiff submitted additional medical and vocational evidence of her inability to engage in gainful activity or in the least of her inability to earn 60% or more of her indexed earnings because of her physical condition and/or injuries. In addition Plaintiff submitted evidence of the Social Security Administration's finding that she is unable to work due to her medical conditions.  Further there was no credible evidence upon which Defendant(s) could rely that Plaintiff's condition and/or injuries had improved from the time that she was found to be disabled under the Plan to the present such that she did no longer met the

COMPLAINT - 3

definition of disability under the Plan.

10. Plaintiff was thereafter advised that she had exhausted her appeals and was informed that she could file this action.

11. The past and present monthly benefit claimed to be owed to Plaintiff is approximately $ 1,813.00 per month plus interest and attorney fees the actual amount to be proven.

## CAUSE OF ACTION

(Benefit Recovery Action Under 29 U.S.C.§1132(a)(1)(B))

12. Plaintiff realleges and incorporates by reference paragraphs 1 through 11 as though fully set forth herein.

13. The failure and refusal of the Plan to pay the long term disability benefits to which Empey was entitled is a breach of the terms of the long term disability policy and violation of ERISA.

14. There was no credible factual basis for the Plan to conclude that Plaintiff was not disabled under the terms of the Plan. Consequently, the Plan's decision was an abuse of discretion and/or arbitrary and capricious.

15. The failure and refusal of the Plan to pay the disability benefit claimed by Plaintiff has caused damage in an amount equal to the past and future benefits she was entitled to under the Plan.

16. The Plan is responsible to pay Plaintiff the benefits due her under the Plan together with attorney fees and costs incurred pursuant to 29 U.S.C. §1132(g) and pre and post-judgment interest to the date of payment and the unpaid benefits..

Wherefore, Plaintiff prays for judgment against Defendants as follows:

1. For the benefits due her under the Plan together with attorney fees and costs incurred pursuant to 29 U.S.C. §1132(g) and pre and post-judgment interest to the date of payment and the unpaid benefits; and

2. For such other and further relief as this Court may deem just and equitable.

DATED this ____ day of July, 2012.

PETERSEN, PARKINSON & ARNOLD, PLLC


_____/S/_____
JAMES C. ARNOLD
Attorney for Plaintiff

COMPLAINT - 5